NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIGUEL ANGEL SALGADO
GONZALEZ,

  Petitioner,

v.

PAMELA BONDI, Attorney General,

  Respondent.

No. 23-2258

Agency No.
A209-818-495

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 17, 2025[**]
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

Miguel Angel Salgado Gonzalez ("petitioner") petitions for review of a Board

of Immigration Appeals ("BIA") decision affirming the Immigration Judge's ("IJ")

denial of his application for cancellation of removal based on hardship to his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

daughters. Petitioner argues for the first time on appeal that the IJ violated his due process rights and the BIA erred by failing to "recognize" the IJ's due process violations. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We can generally only review claims that the petitioner exhausted in the administrative proceedings below. *See* 8 U.S.C. § 1252(d)(1); *Iraheta-Martinez v. Garland*, 12 F.4th 942, 948 (9th Cir. 2021). The petitioner must exhaust due process claims for procedural errors that the BIA could have addressed, but we otherwise except constitutional legal challenges from the exhaustion requirement. *See Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (per curiam). If the government argues that a petitioner failed to exhaust a claim, we must enforce the exhaustion requirement. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

The government argues that Salgado-Gonzalez failed to exhaust his due process claims and we agree. We therefore decline to review such claims. Petitioner argues that the IJ violated his due process rights by not according full weight to his testimony, by preventing him from providing other corroborating evidence, and by failing to develop the record for his oldest daughter. But petitioner failed to raise these claims before the BIA. Indeed, petitioner concedes that he failed to raise his due process arguments below but contends that he can overcome exhaustion under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). *Loper Bright* is irrelevant to the issue of exhaustion and is thus inapplicable here. *See id*. at 412–13.

We hold that petitioner's due process claims are not excepted from the exhaustion requirement because the BIA had authority to resolve the claims, and the government timely raised an exhaustion defense. *See Sola*, 720 F.3d at 1135–36 ("The key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the BIA's ken." (quoting *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995)); *see also Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) ("A claim-processing rule is mandatory in the sense that a court must enforce the rule if a party properly raises it." (citation modified)). Beyond presenting his unexhausted due process arguments, petitioner's opening brief provides no grounds for concluding that the BIA erred in upholding the IJ's conclusion that he had failed to show that his removal "would result in exceptional and extremely unusual hardship to his qualifying relatives."

The petition is **DENIED.**